IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JONAH PAUL ANDERS

        Plaintiff,

v.                                  Case No. 2:16-cv-02775-SHM-cgc

SHELBY COUNTY, et al.

        Defendants.

ORDER DENYING PLAINTIFF'S "MOTION TO SQUASH AND SET ASIDE MOTION
TO DISMISS"

ORDER GRANTING SHELBY COUNTY DEFENDANTS' MOTION TO STRIKE
SECOND AMENDED COMPLAINT

ORDER GRANTING TERITA HEWLETT'S MOTION TO STRIKE SECOND
AMENDED COMPLAINT

ORDER GRANTING MEMPHIS AREA LEGAL SERVICES, SHAYLA PURIFOY, AND
ANUMEHA TANYA'S MOTION TO STRIKE SECOND AMENDED COMPLAINT

REPORT AND RECOMMENDATION ON
DEFENDANT EDWIN LENOW'S MOTION TO DISMISS

Before the Court are the following motions: Defendant Edwin Lenow's Motion to Dismiss filed pursuant to Rule 8.01 of the Tennessee Rules of Civil Procedure (Docket Entry "D.E." #1-3, p 88-91); Plaintiff's "Motion to Squash and Set Aside Motion to Dismiss" (D.E. #18); the Shelby County Defendants' Motion to Strike Second Amended Complaint (D.E. #20); Defendants Memphis Area Legal Services ("MALS"), Shayla Purifoy, and Anumeha Tanya's Motion to Strike Second Amended Complaint (D.E. #21); and, Defendant Terita Hewlett's Motion to Strike Second Amended Complaint (D.E. #23). The instant motions have been

referred to the United States Magistrate Judge. (D.E. #5). For the reasons set forth herein, Plaintiff's "Motion to Squash and Set Aside Motion to Dismiss" is DENIED, the Shelby County Defendants' Motion to Strike Second Amended Complaint is GRANTED, Defendants MALS, Purifoy, and Tanya's Motion to Strike Second Amended Complaint is GRANTED, Defendant Terita Hewlett's Motion to Strike Second Amended Complaint is GRANTED, and it is recommended that Defendant Lenow's Motion to Dismiss be GRANTED.

I. INTRODUCTION

On August 19, 2016, Plaintiff filed a pro se Complaint for Violations of Civil Rights under 42 U.S.C. § 1983 ("Section 1983") in the Circuit Court for Tennessee for the Thirtieth Judicial District at Memphis ("Circuit Court"). (D.E. #1-3, PageID 10-PageID 12). Plaintiff named Edwin Lenow, one of his former attorneys, as one of the Defendants. Specifically, Plaintiff alleged that, while acting as Plaintiff's attorney, Defendant Lenow "failed to object and remain[ed] silent concerning the subject matter of annulment." (D.E. #1-3 at PageID 12). Plaintiff further asserted that Lenow's actions violated the Rules of Professional Responsibility.

On August 29, 2016, Plaintiff filed a pro se Amended Complaint in Circuit Court. (D.E. #1-3, filed at PageID 13-PageID 32). Therein, Plaintiff alleged that Defendant Lenow engaged in a course of conduct that violated the Plaintiff's statutory rights pursuant to Tennessee Code Annotated § 28-3-104 and his constitutional rights. (D.E. #1-3 at PageID 18).

On September 21, 2016, Defendant Lenow filed a Motion to Dismiss Plaintiff's Complaint in Circuit Court (D.E. #1 at PageID 97-PageID 100). On September 27, 2016, Defendants Shelby County, Mayor Mark Luttrell, Jr., Divorce Referee Cary Woods, Judicial Commissioner Kevin Reed, and the Shelby County Board of Commissioners (collectively

"Shelby County Defendants") filed a Notice of Removal to this Court. (D.E. #1). On September 30, 2016, Plaintiff filed a "Notice of Potential Motion Filed in State Court" asserting that Defendant Lenow's motion must be refiled in this Court. (D.E. #9). However, as other courts have stated, "[a] federal court takes the case on removal exactly as the case stood in state court and treats all pending motions as if filed in federal court." *Williamson County Bd. of Educ. V. C.K.*, 2007 WL 3023616 at *4 (M.D. Tenn. Oct. 11, 2007) (citing *Young v. Cargill Juice North America*, 2007 WL 438789 at *2 n.2 (M.D. Fla. Feb. 8, 2007)). Thus, Defendant Lenow's Motion to Dismiss is now pending in this Court following removal and need not be refiled.

Defendant Lenow's Motion to Dismiss raises two issues. First, he asserts that Plaintiff failed to state a claim for which relief can be granted pursuant to Rule 8.01 of the Tennessee Rules of Civil Procedure. Second, he asserts that the statute of limitations has expired for any claim Plaintiff could assert against the Defendant. Specifically, Defendant alleges that he represented the Plaintiff until July 26, 2015 when he withdrew as attorney of record. Plaintiff filed his complaint on August 19, 2016, which was over a year after Defendant's withdrawal.

On October 21, 2016, Plaintiff filed a "Motion to Squash and Set Aside Motion to Dismiss." (D.E. #18). Therein, Plaintiff seeks for the Court to set aside the Motions to Dismiss filed by other Defendants in this matter and seeks leave to amend his complaint for a second time. Plaintiff subsequently filed his Second Amended Complaint without obtaining leave of court or consent of the opposing parties. (D.E. #19). On November 1, 2016, the Shelby County Defendants filed their Motion to Strike Second Amended Complaint. (D.E. #20). On November 4, 2016, Defendants MALS, Purifoy, and Tanya filed their Motion to Strike Second Amended Complaint. (D.E. #21). On November 8, 2016, Defendant Terita Hewlett filed her Motion to Strike Second Amended Complaint. (D.E. #23).

## II.     ANALYSIS

### A. *Rule 15 of the Federal Rules of Civil Procedure*

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings.  The rule allows parties to amend their complaint "once as a matter of course: 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(A)–(B).  Any amended complaints filed outside of the procedure set forth above must be consented to in writing by the opposing party or with the court's leave.  *Id.* 15(a)(2).  Courts should give leave when justice requires.  *Id.*

In the instant case, Plaintiff has already amended his complaint once in Circuit Court. Plaintiff did not obtain leave of court or consent of the opposing parties before filing his Second Amended Complaint.  Thus, Rule 15(a)(2) does not permit a plaintiff to file a Second Amended Complaint without either the Court or the opposing parties' permission.  Plaintiff obtained neither here.  Accordingly, Plaintiff's Motion to Squash and Set Aside Motion to Dismiss is DENIED, the Shelby County Defendant's Motion to Strike Plaintiff's Second Amended Complaint is GRANTED, Defendant Terita Hewlett's Motion to Strike Plaintiff's Second Amended Complaint is GRANTED, and Defendants MALS, Purifoy, and Tanya's Motion to Strike Plaintiff's Second Amended Complaint is GRANTED.

### B. *Failure to State a Claim under Tennessee Rule of Civil Procedure 8.01 or Federal Rule of Civil Procedure 12(b)(6) as to Defendant Lenow*

As to Plaintiff's Amended Complaint, which is the operative pleading in the instant case, Defendant Lenow has asserted that it fails to state a claim as to him upon which relief may be granted.  Defendant Lenow cites Tennessee Rule of Civil Procedure 8.01which designates the

4

forms of pleadings and the minimum requirements for a claim for relief. Rule 12(b)(6) of the Federal Rules of Federal Procedure states that a claim may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In addressing this motion, the court must construe the complaint in the light most favorable to the plaintiff and accept factual allegations as true. *League of United Latin Am. Citizens v. Bresden*, 500 F.3d 523, 527 (6th Cir. 2007). This standard requires more than mere assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough factual allegations to "raise a right to relief above a speculative level." *Id.* at 570. This requires "a short and plain statement of the claim showing that the pleader is entitled to relief. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed R. Civ. P. 8(a)(2). This statement must "give defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. This plausibility standard is not "akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007). However, the basic pleading requirements stated above are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 2011). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants, nor are they required to create a pro se litigants' claim for him. *Pillier v. Ford*,

542 U.S. 225, 231 (2004); *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

      Upon review, Plaintiff's Amended Complaint claims that Defendant Lenow violated Tennessee Code Annotated § 28-3-104, which sets forth the statute of limitations for certain claims under Tennessee law.  However, this statue does not create any cause of action but instead only provides the limitations under which other causes of action may be brought.  Plaintiff also alleges that Defendant Lenow violated his constitutional rights but provides no further factual or legal support for this assertion, which does not satisfy Rule 8(a) or the pleading requirements set forth in *Twombly* and *Iqbal*.  Further, to the extent that Plaintiff stated any cause of action against Defendant Lenow, the statute of limitations would bar any claim as Defendant Lenow's representation of Plaintiff ended on July 26, 2015 – more than one year prior to the filing of the operable complaint.  Accordingly, it is recommended that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted against Defendant Lenow.  Thus, it is recommended that Defendant Lenow's Motion to Dismiss be GRANTED.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's "Motion to Squash and to Set Aside Motion to Dismiss" (D.E. #18) is DENIED, Shelby County Defendants' Motion to Strike Second Amended Complaint is GRANTED, Defendant Terita Hewlett's Motion to Strike Second Amended Complaint is GRANTED, Defendants MALS, Purifoy, and Tanya's Motion to Strike Second Amended Complaint is GRANTED, and it is RECOMMENDED that Defendant Lenow's Motion to Dismiss (D.E. #1) be DENIED.

Signed this 6th day of April, 2017.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**