IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**JONAH PAUL ANDERS**,

      **Plaintiff,**

v.                                                                Case 2:16-cv-02775-SHM-cgc

**SHELBY COUNTY GOVERNMENT  et al.**

      **Defendants.**

---

### REPORT AND RECOMMENDATION

---

Before the Court, by way of Administrative Order 2013-05,[1] are the following motions to dismiss:

- Motion to Dismiss of Defendants Cary C. Woods, Mark H. Luttrell, Jr., Shelby County , Shelby County Board of Commissioners, and Kevin Reed (D.E. # 10)

- Defendant Terita Hewlett's Motion to Dismiss (D.E. # 11)

- Motion to Dismiss of Defendants Memphis Area Legal Services, Shayla Purifoy, and Anumeha Tanya (D.E. # 13)

- Defendant Theresa Childress's Motion to Dismiss (D.E. # 16)

- Defendant Mayla C. Anders' Motion to Dismiss (D.E. # 31)

For the reasons stated below, it is RECOMMENDED that the motions be GRANTED.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

**I.      Procedural History**

On August 19, 2016, Plaintiff filed a pro se Complaint for Violations of Civil Rights under 42 U.S.C. § 1983 ("Section 1983") in the Circuit Court for Tennessee for the Thirtieth Judicial District at Memphis ("Circuit Court"). (D.E. #1-3, PageID 10-PageID 12). On August 29, 2016, Plaintiff filed a pro se Amended Complaint in Circuit Court. (D.E. #1-3, filed at PageID 13-PageID 32). On September 27, 2016, Defendants Shelby County, Mayor Mark Luttrell, Jr., Divorce Referee Cary Woods, Judicial Commissioner Kevin Reed, and the Shelby County Board of Commissioners (collectively "Shelby County Defendants") filed a Notice of Removal to this Court. (D.E. #1).

On October 3, 2016, the Shelby County Defendants and Terita Hewlett filed motions to dismiss the Amended Complaint. (D.E. # 10 and 11). On October 4, 2016, Memphis Area Legal Services ("MALS"), Shayla Purifoy and Amumeha Tanya filed their motion to dismiss the Amended Complaint. (D.E. # 13) On October 11, 2016, Theresa Childress filed her motion to dismiss the Amended Complaint. (D.E. # 16) On February 2, 2017, Mayla Anders filed her motion to dismiss the Amended Complaint. (D.E. # 31)

On November 29, 2016, the undersigned entered an order staying the filing of any further documents with the exception of any timely responses or replies permitted by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Western District of Tennessee. (D.E. # 29)  The stay was lifted on April 28, 2017. (D.E. # 36)  To date, Plaintiff has not filed a response to any of the motions under consideration in the Report and Recommendation.

2

## **II.**      **Related Cases**

On May 2, 2016, Plaintiff filed a complaint against Mayla Anders alleging that she presented false documentation to various United States agencies for the purpose of obtaining citizenship, including providing false information about her marital status in the Philippines. *Anders v Anders*, 16-cv-2299-SHL-tmp. Plaintiff further alleged that Mayla Anders engaged in fraud in connection with her marriage to him. U.S. Magistrate Judge Tu M. Pham conducted an *in forma pauperis* screening pursuant to 28 U.S.C.§ 1915 and recommended that the complaint be dismissed for failure to state a claim for which relief could be granted and for lack of subject matter jurisdiction. (16-2299, D.E. #5) Plaintiff filed an objection (16-2299, D.E. # 6) and on review, U.S. District Judge Sheryl H. Lipman adopted the report and recommendation in its entirety and dismissed Plaintiff's claims without prejudice. (16-2299, D.E. #7)

On May 9, 2016, Plaintiff filed a complaint against Shayla Purifoy, Mayla Anders, Tennessee Circuit Court Judge Gina Higgins, Anumeha Tayna and MALS alleging violations of his due process rights in two state court cases stemming from his divorce from Mayla Anders. *Anders v Purifoy*, et al, 16-2321-JDT-tmp. Plaintiff claimed that Ms. Purifoy, an attorney with MALS, allegedly lied to and misled the state court judge in the cases at issue. Plaintiff further alleged that another MALS attorney, Ms. Tanya, allegedly "assisted in getting [an] order changed without notice ex parte." As in the 16-2299 case, Plaintiff again alleged that Mayla Anders presented false documents and statements during the state court proceedings. As to Judge Higgins, Plaintiff alleged that she "abused her authority" by refusing to "hear his appeal" by issuing a divorce rather than an annulment, by awarding excessive child support and alimony, and by failing to issue a final judgment so that he could appeal her rulings. Magistrate Judge

Pham entered a Report and Recommendation recommending that the complaint be dismissed for failure to state a claim for which relief may be granted, lack of subject matter jurisdiction and, as to Judge Higgins, judicial immunity. (16-2321, D.E. # 6)  Plaintiff filed an objection and on review, U.S. District Judge James D. Todd adopted the report and recommendation and dismissed the case for failure to state a claim for which relief may be granted and for lack of subject matter jurisdiction. (16-2321, D.E. #8)

### III.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Sixth Circuit has stated, "The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 F. Appx. 573, 574 (6th Cir. 2003).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

4

face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### IV. Analysis

Plaintiff alleges that Mayla Anders committed fraud, fraud in the inducement of a contract and fraudulent concealment when she removed Plaintiff's personal property from the household without Plaintiff's consent. (D.E. # 1-3, ¶23) Plaintiff further alleges that Mayla Anders conspired with her attorneys, Ms. Purifoy and Ms. Tanya, to take Plaintiff's personal property and to have Plaintiff evicted from his home. (D.E. # 1-3, ¶ 24, 29) Plaintiff alleges that Mayla Anders entered into a matrimonial contract with Plaintiff under false pretenses and accepted $4,000 worth of property knowing that her prior annulment was fraudulent. (D.E. # 1-3, ¶ 25). Plaintiff further alleges that Purifoy and Tanya conspired with Mayla Anders to amend her statement of affidavit to include a false report of Plaintiff brandishing a deadly weapon towards Mayla Anders in an effort to have Plaintiff evicted from his home. (D.E. # 1-3, ¶29) Purifoy and Tanya are also alleged to have conspired with Mayla Anders to approach Divorce Referee Cary Woods *ex parte* for the purpose of obtaining a *pendent lite* order and remove Plaintiff's personal property from his home. (D.E. # 1-3, ¶30)

In their motions to dismiss, Mayla Anders, Purifoy and Tanya argue that the amended complaint be dismissed as to them on *res judicata* grounds. The doctrine of *res judicata* bars an

individual from bringing a lawsuit if there has previously been a final judgment rendered by a court of competent jurisdiction arising out of the same facts. The Sixth Circuit has adopted a four-part test to determine whether a subsequent action is barred by *res judicata*. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). The four elements of *res judicata* are "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id.* If a court finds all of these elements present in the matter before it, then the Plaintiff is barred from bringing suit and the cause of action shall be dismissed. Furthermore, "if an individual is precluded from litigating a suit in a state court by the traditional principles of *res judicata*, he is similarly precluded from litigating the suit in federal court." *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1986).

It is recommended that all four elements are met as to each of these defendants. Orders of dismissal and judgment were entered in both 16-2299 and 16-2321. No appeal has been taken from either case and the time for appeal has passed. The instant case involves the same parties – Jonah Paul Anders, Mayla Anders, MALS, Shayla Purifoy and Anumeha Tanya. While Plaintiff has chosen different legal theories in each of these cases, he is expressing the same frustration arising from the same state court divorce action. Selecting different federal and state statutes as labels for the claims does not change the underlying circumstances. Based on the foregoing, it is RECOMMENDED that the motions to dismiss filed at docket entries 13 and 31 be GRANTED.

With regard to Terita Hewlett and Theresa Childress, Plaintiff alleges that they negligently performed their duties as his attorney regarding protecting his parental and custodial rights. Specifically, Plaintiff alleges that both Hewett and Childress were in attendance at a January 28, 2015 hearing and neither objected to arguments presented by opposing counsel, neither filed objections to opposing counsels argument with the court and allowed Plaintiff's parental and custodial rights to be interfered with. (D.E. # 1-3, ¶35) Paragraph 35 of the Amended Complaint claims that Plaintiff's "parental and custodial rights and due process with equal protection under law" were denied him by Hewett and Childress' actions and inactions. Hewett and Childress seek dismissal of the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to state a claim.

The Fourteenth Amendment provides that "no person shall be deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir.1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id*.

The Due Process Clause has a procedural component and a substantive one. Procedural due process requires that the government provide "due process" before making such a decision. *Howard v. Grinage*, 82 F.3d 1343, 1349–53 (6th Cir.1996) Substantive due process serves as a check on legislation that infringes on fundamental rights otherwise not explicitly protected by the

7

Bill of Rights; or as a check on official misconduct which infringes on a "fundamental right;" or as a limitation on official misconduct, which although not infringing on a fundamental right, is so literally "shocking to the conscious," as to rise to the level of a constitutional violation. *Howard*, 82 F.3d at 1349.

To state a claim under 42 U.S.C. § 1983,[2] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). To the extent that Plaintiff alleges a claim pursuant to 42 U.S.C.§ 1983 based on a denial of due process by Hewett and Childress, it is RECOMMENDED that the claims against Hewett and Childress be dismissed as Plaintiff has merely made the conclusory statement that the defendants violated his rights and Plaintiff has not pled that either defendant was acting under color of state law.

In the alternative, if Plaintiff claims that Hewlett and Childress' acts or omissions constitute legal malpractice ("Plaintiff's attorneys did negligently fail to perform their duties…"), it is RECOMMENDED that the claims against Hewlett and Childress be dismissed for failure to state a claim for which relief may be granted as the one year statute of limitations for such an action (Tenn. Code Ann. §28-3-104) expired on January 28, 2016. It is RECOMMENDED that the motions to dismiss filed at Docket Entries 11 and 16 be GRANTED.

---

[2] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The next claims in the Amended Complaint are focused on the actions of Divorce Referee Cary Woods and Judicial Commissioner Kevin Reed. Plaintiff alleges that Woods was "negligent in performing his duties as a referee" and violated equal protection and due process of law. (D.E. # 1-3, ¶39) Plaintiff details certain actions that he believed that Woods should have taken – verify documentation set from the Court Clerk of the Philippines (¶40) and notify Plaintiff of an exparte hearing (¶44) – and thereby violated his rights. Similarly, Plaintiff alleges that Judicial Commissioner Kevin Reed violated his equal protection and due process rights when he "granted the Defendant Mayla C. Anders a (sic) Order of Protection after she amended her statement under oath to include an alleged false report of an alleged deadly weapon brandish (sic) toward her person over one and a half year later afterr the alleged incident took place." (D.E. # 1-3, ¶48) Plaintiff alleges that the Shelby County Government, Shelby County Mayor and Shelby County Commission are responsible for the actions of Woods and Reed. (D.E. # 1-3, ¶¶38, 46, 52, and 54) Woods, Reed, Shelby County Mayor Luttrell, Shelby County Government, and the Shelby County Board of Commissioners (the "Shelby County Defendants") seek dismissal of all counts against them based on failure to state a claim. (D.E. # 10)

To the extent that Plaintiff has alleged a theory of relief, he has claimed that the Shelby County Defendants are liable pursuant to 42 U.S.C.§ 1983. To hold a governmental entity liable under § 1983, a plaintiff must demonstrate that the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury "and that "an affirmative link [exists] between the policy and the particular constitutional violation alleged." Thus, a plaintiff must identify the

9

policy or custom causing his or her injury before showing that the municipality acted with the degree of culpability necessary to create a direct causal link between the municipality's action and the plaintiff's deprivation of federal rights. *Morris v. City of Memphis*, No. 11-2928-STA-CGC, 2012 WL 3727149, at *2 (W.D. Tenn. Aug. 27, 2012) Plaintiff does not specify what official policy or custom or what link exists between the policy or custom and his alleged constitutional injury.

Further, the claims against Woods and Reed are subject to judicial immunity. A judge is immune from suits for money damages unless: (1)"the judge's actions were non-judicial;" or (2) "the judge performed the actions' in the complete absence of all jurisdiction," *Ward v. City of Norwalk*, No. 15-3018, 2016 WL 402975, at *2 (6th Cir. Feb. 3, 2016) (quoting *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991) Plaintiff has specifically alleged that the actions that Woods and Reed took were in the context of their positions as judicial officers.

Based on the foregoing, it is RECOMMNDED that the Shelby County Defendant's motion to dismiss be granted

Plaintiff's remaining claims at paragraphs 57 through 63 and 70 through 73 generally allege that "the Defendants" committed unspecified negligent acts and unspecified acts of intentional infliction of emotional distress. It is RECOMMENDED that these claims be dismissed pursuant to Fed. R. Civ. P. 8(a)(2) for failure to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

## V.     Conclusion

For the reasons set forth herein, the Magistrate Judge recommends that

- Motion to Dismiss of Defendants Cary C. Woods, Mark H. Luttrell, Jr., Shelby County, Shelby County Board of Commissioners, and Kevin Reed (D.E. # 10)

- Defendant Terita Hewlett's Motion to Dismiss (D.E. # 11)

- Motion to Dismiss of Defendants Memphis Area Legal Services, Shayla Purifoy, and Anumeha Tanya (D.E. # 13)

- Defendant Theresa Childress's Motion to Dismiss (D.E. # 16)

- Defendant Mayla C. Anders' Motion to Dismiss (D.E. # 31)

all be GRANTED.

**DATED** this 31st day of July, 2017.

                                              s/Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**