IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JONAH PAUL ANDERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 16-cv-02775-SHM-cgc |
| SHELBY COUNTY, CARY C. WOODS, MAYOR MARK H. LUTTRELL, JR., SHELBY COUNTY BOARD OF COMMISSIONERS, SHAYLA N. PURIFOY, MEMPHIS AREA LEGAL SERVICES, ANUMEHA TANYA, EDWIN LENOW, KEVIN REED, TERITA HEWLETT, THERESA CHILDRESS, AND MAYLA C. ANDERS, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Before the Court are objections (ECF Nos. 33-34) to the Magistrate Judge's April 6, 2017 Order and Recommendation (ECF Nos. 32), an objection (ECF No. 61) to the Magistrate Judge's July 31, 2017 Report and Recommendation (ECF No. 60), a motion to amend complaint (ECF No. 35), and a motion for hearing (ECF No. 24) filed by Plaintiff Jonah Paul Anders. For the reasons stated below, the Court OVERRULES Plaintiff's objections, ADOPTS the Magistrate Judge's Reports, and DENIES Plaintiff's motion to amend complaint and his motion for hearing.

## I. BACKGROUND

On May 2, 2016, Plaintiff filed a complaint against Defendant Mayla Anders alleging that she had presented false documents to United States agencies to obtain citizenship. Anders v. Anders, 16-cv-2299-SHL-tmp (W.D. Tenn.). United States Magistrate Judge Tu M. Pham recommended that the complaint be dismissed for failure to state a claim for which relief could be granted and for lack of subject matter jurisdiction. (16-2299, ECF No. 5.) United States District Judge Sheryl H. Lipman adopted the report and recommendation in its entirety and dismissed Plaintiff's complaint without prejudice. (16-2299, ECF No. 7.)

On May 9, 2016, Plaintiff filed a complaint against Shayla Purifoy, Mayla Anders, Tennessee Circuit Court Judge Gina Higgins, Anumeha Tayna, and Memphis Area Legal Services ("MALS") alleging violations of Plaintiff's due process rights in two state court cases in conjunction with Plaintiff's divorce from Mayla Anders. Anders v. Purifoy, et al, 16-2321-JDT-tmp (W.D. Tenn.). Plaintiff claimed that Shayla Purifoy, an attorney with MALS, had lied to and misled the state court judge in the cases at issue. Plaintiff alleged that another MALS attorney, Anumeha Tanya, had "assisted in getting [an] order changed without notice ex parte." (16-2321, ECF No. 4 at 4.) Plaintiff alleged that Mayla Anders had presented false

documents and statements during the state court proceedings. Plaintiff alleged that Judge Higgins "abused her authority" by refusing to "hear his appeal," by issuing a divorce rather than an annulment, by awarding excessive child support and alimony, and by failing to issue a final judgment so that he could appeal her rulings. (Id. at 6.) Magistrate Judge Pham entered a Report and Recommendation recommending that the complaint be dismissed for failure to state a claim for which relief may be granted, lack of subject matter jurisdiction and, as to Judge Higgins, judicial immunity. (16-2321, ECF No. 6.) United States District Judge James D. Todd adopted the report and dismissed the case. (16-2321, ECF No. 8.)

On August 19, 2016, Plaintiff filed a pro se Complaint for Fourteenth Amendment violations under 42 U.S.C. § 1983 and negligence in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. (ECF No. 1-3, 10-12.)[1] On August 29, 2016, Plaintiff filed a pro se Amended Complaint in the Circuit Court. (ECF No. 1-3 at 13-32.) Plaintiff's Amended Complaint makes claims for Fourteenth Amendment violations under 42 U.S.C. § 1983, negligence, and intentional infliction of emotional distress. (Id.) The Defendants are Shelby County Government, Shelby County Mayor Mark Luttrell,

---

[1] Unless otherwise noted, all in-cite page numbers to this case refer to the PageID number.

Jr., Divorce Referee Cary C. Woods, Judicial Commissioner Kevin Reed, Shelby County Board of Commissioners, MALS, Shayla Purifoy, Anumeha Tanya, Edwin Lenow, Terita Hewlett, Theresa Childress, and Mayla Anders. (Id.) On September 27, 2016, Defendants Shelby County, Mayor Mark Luttrell, Jr., Divorce Referee Cary Woods, Judicial Commissioner Kevin Reed, and the Shelby County Board of Commissioners (collectively the "Shelby County Defendants") filed a Notice of Removal to this Court. (ECF No. 1.)

On September 30, 2016, Plaintiff filed a "Notice of Potential Motion Filed in State Court," asserting that Defendant Edwin Lenow's motion to dismiss, filed in state court, must be refiled in this Court. (ECF No. 9.)

On October 3, 2016, the Shelby County Defendants and Defendant Terita Hewlett filed motions to dismiss the Amended Complaint. (ECF Nos. 10 and 11.) On October 4, 2016, Defendants MALS, Shayla Purifoy, and Amumeha Tanya filed a motion to dismiss the Amended Complaint. (ECF No. 13) On October 11, 2016, Defendant Theresa Childress filed a motion to dismiss the Amended Complaint. (ECF No. 16.) On February 2, 2017, Defendant Mayla Anders filed a motion to dismiss the Amended Complaint. (ECF No. 31.)

Plaintiff filed no responses to any of the motions to dismiss. Plaintiff did file a November 10, 2016 motion for hearing (ECF No. 24), and an April 27, 2017 motion for leave of court to amend complaint (ECF No. 35).

Plaintiff also filed a "Motion to Squash and Set Aside Motion to Dismiss" on October 21, 2016, seeking to set aside Defendants' motions to dismiss and leave to amend the complaint. (ECF No. 18.) Plaintiff subsequently filed a second amended complaint without obtaining leave of court or consent of the opposing parties. (ECF No. 19.)

The Shelby County Defendants and Defendants MALS, Purifoy, Hewlett, and Tanya have moved to strike Plaintiff's Second Amended Complaint. (ECF Nos. 20, 21, 23.)

On April 6, 2017, United States Magistrate Judge Charmiane G. Claxton entered an Order Denying Plaintiff's Motion to Squash and Set Aside Motion to Dismiss, Order Granting Shelby County Defendants' Motion to Strike Second Amended Complaint, Order Granting Terita Hewlett's Motion to Strike Second Amended Complaint, Order Granting Memphis Area Legal Services, Shayla Purifoy, and Anumeha Tanya's Motion to Strike Second Amended Complaint, and Report and Recommendation on Defendant Edwin Lenow's Motion to Dismiss (the "First Report"). (ECF No. 32.) The Magistrate Judge recommends that Defendant Edwin Lenow's

motion to dismiss be granted.  (Id. at 465.)  Plaintiff had until April 20, 2017, to object.  (See Docket Entry, ECF No. 32.)  Plaintiff filed his objections on April 27, 2017.  (ECF Nos. 33-34.)[2]

On May 9, 2017, Plaintiff filed twelve motions for entry of default judgment against Defendants.  (ECF Nos. 42-56.)  The Clerk of Court denied entry of default against each Defendant.  (ECF Nos. 43, 53-57, 59.)

On July 31, 2017, Magistrate Judge Claxton filed a Report and Recommendation (the "Second Report") addressing the following motions to dismiss: Motion to Dismiss of Defendants Cary C. Woods, Mark H. Luttrell, Jr., Shelby County, Shelby County Board of Commissioners, and Kevin Reed  (ECF No. 10); Defendant Terita Hewlett's Motion to Dismiss  (ECF No. 11); Motion to Dismiss of Defendants Memphis Area Legal Services, Shayla Purifoy, and Anumeha Tanya (ECF No. 13); Defendant Theresa Childress's Motion to Dismiss (ECF No. 16); and Defendant Mayla C. Anders' Motion to Dismiss (ECF No. 31).  (ECF No. 60.)  The Report recommends granting each of the motions to dismiss.  (Id.)

---

[2] Plaintiff styles his objections as a motion to set aside (ECF No. 33) and a motion to reconsider (ECF No. 34).  The Court construes those motions as objections to the Magistrate Judge's First Report.

Plaintiff filed an objection to the Second Report on August 14, 2017. (ECF No. 61.) Defendants filed responses in support of the Magistrate Judge's Report on August 21, 2017. (ECF Nos. 62-63.)

**II. ANALYSIS**

**A.  Motion to Amend Complaint (ECF No. 35)**

Plaintiff moves to amend his complaint. (ECF No. 35.) Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely granted when justice so requires. Leave should be granted under Rule 15(a) unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

To determine whether leave to amend is appropriate, the Court "must have before it the substance of the proposed amendment." Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc., 288 F.3d 895, 906 (6th Cir. 2002). "Thus, a court may properly deny a motion to amend when the moving party fails to provide the court the substance of the proposed amendment." Bedford v. Abushmaies, No. 1:16-CV-1412, 2017 WL 3284879, at *3 (W.D. Mich. Aug. 2, 2017); accord Lancaster v. United States, No. CV

7

6: 16-175-DCR, 2017 WL 937950, at *3 (E.D. Ky. Mar. 9, 2017); Gilliam v. Crowe, No. 3:16-CV-147, 2016 WL 3434026, at *3 (S.D. Ohio June 22, 2016); see also Kostyu v. Ford Motor Co., 798 F.2d 1414 (6th Cir. 1986)(finding district court did not abuse its discretion in not permitting the plaintiff to amend his complaint because the plaintiff did not submit a proposed amended complaint and failed to disclose the amendments he intended to make).

The Court cannot grant leave to amend because Plaintiff has not provided a proposed amended complaint or otherwise described new allegations he would include in a proposed amendment. Plaintiff's motion for leave to amend is DENIED.

**B. Objections to Magistrate Judge's Findings and Conclusions**

**1. Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, including motions to involuntarily dismiss an action, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been

properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). On de novo review, after reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). For nondispositive pretrial matters, the district judge may reconsider the magistrate judge's disposition if it is "'clearly erroneous or contrary to law.'" Curtis, 237 F.3d at 603 (quoting 28 U.S.C. § 636(b)(1)(A)).

**2. Objection (ECF No. 33) to Magistrate Judge's First Report (ECF No. 32)**

On April 6, 2017, Magistrate Judge Claxton filed her First Report. (ECF No. 32.) Plaintiff had until April 20, 2017 to object. (See Docket Entry, ECF No. 32.) Plaintiff filed untimely objections on April 27, 2017. (ECF Nos. 33-34.)

The district court is not required to review -- under a de novo or any other standard -- those aspects of the magistrate judge's report and recommendation to which no objection or no timely objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985); see Jones v. Smith, 46 F.3d 1131 (6th Cir. 1995) (affirming district court's adoption of magistrate judge's report and recommendation where parties submitted objection a day after the prescribed period). Although the district court is not required to review untimely objections, it may exercise its discretion to do so. See Estate of Smithers ex rel. Norris

9

v. City of Flint, 602 F.3d 758, 761 n.2 (6th Cir. 2010).  The Court exercises that discretion to consider Plaintiff's untimely objection.

Plaintiff objects to the Magistrate Judge's striking Plaintiff's second amended complaint because Plaintiff should have been allowed to amend as a matter of course.  (ECF No. 33 at 467-69.)  Plaintiff's August 29, 2016 Amended Complaint (ECF No. 1-3 at 13-32), filed in state court, exhausted his right to amend "once as a matter of course."  Fed. R. Civ. P. 15(a)(1)("A party may amend its pleading once as a matter of course. . . ." (emphasis added)); see Freeman v. Bee Machine Co., 319 U.S. 448, 454 (1943)(noting "Congress has directed the District Court after a case has been removed to proceed therein as if the suit had been originally commenced in said district court.")(internal quotations omitted).  Any additional amendments required the opposing parties' written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).  Plaintiff filed his second amended complaint without consent of the opposing parties or leave of court.  The Magistrate Judge did not clearly err in striking Plaintiff's second amended complaint.

Plaintiff's objection to the Magistrate Judge's striking his second amended complaint is OVERRULED.[3]

Plaintiff also objects to the Magistrate Judge's denial of Plaintiff's motion to quash and set aside Defendants' motions to dismiss. (ECF No. 34.) Plaintiff asks the Court to deny Defendants' motions to dismiss based on the filing of Plaintiff's second amended complaint. (ECF No. 18 at 264.) The Magistrate Judge denied Plaintiff's motion after striking Plaintiff's second amended complaint. The Magistrate Judge did not err in denying Plaintiff's motion to quash and set aside Defendants' motions to dismiss. Plaintiff's objection to the Magistrate Judge's denial of his motion to quash and set aside Defendants' motions to dismiss is OVERRULED.

Plaintiff has not objected to the Magistrate Judge's recommendation that the Court grant Defendant Edwin Lenow's motion to dismiss. That motion is GRANTED.

The First Report (ECF No. 32) is AFFIRMED and ADOPTED.

---

[3] Plaintiff argues that Defendants' motions to dismiss should be denied as moot following entry of Plaintiff's second amended complaint. (ECF No. 33 at 475-76.) Because Plaintiff's objection to the striking of his second amended complaint is overruled, Plaintiff's request to deny Defendants' motions as moot is DENIED as MOOT.

11

### 3. Objection (ECF No. 61) to Magistrate Judge's Second Report (ECF No. 60)

On July 31, 2017, the Magistrate Judge filed her Second Report. (ECF No. 60.) That Report recommends granting each of the motions to dismiss. (Id.)

The Magistrate Judge recommends that the motions to dismiss filed by Defendants Memphis Area Legal Services, Shayla Purifoy, Anumeha Tanya, and Mayla C. Anders be granted on *res judicata* grounds. (Id. at 576-77.) The Magistrate Judge recommends that the motions to dismiss filed by Defendants Terita Hewlett and Theresa Childress be granted on Plaintiff's § 1983 claim because Plaintiff has failed to plead that Hewlett and Childress acted under color of state law and on Plaintiff's negligence claim because that claim is time-barred. (Id. at 579.) The Magistrate Judge recommends that the motion to dismiss filed by Defendants Woods, Reed, Shelby County Mayor Luttrell, Shelby County Government, and the Shelby County Board of Commissioners be granted because Plaintiff has failed to specify an official policy or custom or a link between a policy or custom and his alleged constitutional injury and because Defendants Woods and Reed are protected by judicial immunity. (Id. at 581.) The Magistrate Judge also recommends that Plaintiff's negligence and intentional infliction of emotional distress claims be dismissed under Federal Rule of Civil

12

Procedure 8(a)(2) for failure to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." (Id. at 581.)

Plaintiff objects that the Magistrate Judge should have applied a more lenient pleading standard to Plaintiff's Amended Complaint. (ECF No. 61 at 585 (citing Conley v. Gibson, 355 U.S. 41 (1957) abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).)[4] Plaintiff does not object to the Magistrate Judge's res judicata, statute of limitations, or judicial immunity determinations. Those determinations are AFFIRMED and ADOPTED.

Under Federal Rule of Civil Procedure 72(b), 28 U.S.C. § 636(b)(1), and Local Rule 72.1(g)(2), the Court conducts a de novo review of those portions of a magistrate judge's report to which a party has filed "specific written objections." A general or overly broad objection, or one that merely restates

---

[4] Plaintiff also seeks a default judgment. (ECF No. 61 at 586-90.) A default judgment may be appropriate when a party has failed to plead or defend. Fed. R. Civ. P. 55. Federal Rule 55 establishes a two-step process. Id. First, an entry of default must be made under Rule 55(a). Second, a party must move for a default judgment under Rule 55(b). The clerk may enter a default judgment pursuant to Rule 55(b)(1) if the plaintiff presents the clerk with an affidavit showing the amount due for claims that have a sum certain. In all other cases, the party seeking default judgment must apply to the court. Id.
    A court may properly deny a motion for default judgment if an entry of default has not been obtained. Reed-bey v. Pramstaller, 607 Fed.Appx. 445, 449 (6th Cir. 2015). In this case, Plaintiff seeks a default judgment, but has failed to obtain an entry of default. Plaintiff's request for default judgment is DENIED.

the arguments previously presented, does not sufficiently identify errors on the part of the magistrate judge.  See <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995); <u>Spencer v. Bouchard</u>, 449 F.3d 721, 725 (6th Cir. 2006) <u>abrogated on other grounds by</u> <u>Jones v. Bock</u>, 549 U.S. 199 (2007).  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not a valid objection.  <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 509 (6th Cir. 1991).  Vague and conclusory objections amount to a complete failure to object because they are not sufficient to identify the portions of the record that are in contention.  <u>Mira v. Marshall</u>, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

   Plaintiff's objection cites no portion of the Second Report in which the Magistrate Judge failed to apply the appropriate standard.  The Report correctly states that "[p]leadings and documents filed by pro se litigants are to be 'liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers.'"  (ECF No. 60 at 575.)  Plaintiff fails to specify any recommendation in which the Magistrate Judge should have applied a more lenient standard or what that standard should have been.  The Court has

14

no obligation to conduct a de novo review of the Magistrate Judge's ruling.

Notwithstanding the insufficiency of Plaintiff's objection, the Court has considered the entire record de novo and finds that the Magistrate Judge applied the correct legal standard and that her conclusions should be affirmed.

Plaintiff's objection is OVERRULED, and the Magistrate Judge's Second Report is ADOPTED.

**D. Plaintiff's Motion for Hearing (ECF No. 24)**

Because the Magistrate Judge's Reports have been adopted, Plaintiff's Motion for Hearing (ECF No. 24) is DENIED as MOOT.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's objections are OVERRULED; the Magistrate Judge's First and Second Reports are ADOPTED; Plaintiff's motion to amend complaint is DENIED; his motion for hearing is DENIED as MOOT. The case is DISMISSED with prejudice.

So ordered this 12th day of September, 2017.

                         */s/ Samuel H. Mays, Jr.*
                         SAMUEL H. MAYS, JR.
                         UNITED STATES DISTRICT COURT JUDGE